UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUCKUS WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARRIS CORPORATION, <br><br> Defendants. | Case No.: 11-CV-01944-LHK <br><br> ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE |

Before the Court is Defendant Harris Corporation's ("Harris") motion to dismiss, or in the alternative, to transfer venue to the Middle District of Florida. ECF No. 19. Plaintiff Ruckus Wireless, Inc. ("Ruckus") contends that venue in this District is proper and opposes the motion. *See* ECF No. 22. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument. Accordingly, the hearing on the motion set for February 16, 2012, was vacated on February 15, 2012. Having considered the parties' briefing and the relevant law, and for the reasons set forth below, the Court GRANTS Harris's motion to dismiss without prejudice. Ruckus shall refile its declaratory judgment claims in the Middle District of Florida.

**I. Factual and Procedural Background**

On April 15, 2011, Harris filed a complaint against Ruckus in the Middle District of Florida alleging infringement of U.S. Patent No. 6,504,515 ("the '515 Patent"). *See Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-cv-00618-CEH-KRS (M.D. Fla. filed Apr. 15, 2007), (hereinafter "Florida Action"). Six days later, on April 21, 2011, Ruckus filed a complaint for declaratory judgment against Harris in this Court, which alleged unenforceability of the '515 Patent

1

Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS
WITHOUT PREJUDICE

(hereinafter "California Action" or "this Action").[1]  ECF No. 1.  On May 23, 2011, Harris filed an amended complaint in the Middle District of Florida, additionally alleging infringement of U.S. Patent No. 7,916,684 ("the '684 Patent") and seeking injunctive relief against Ruckus.  Fla. Action, ECF No. 13.

On June 29, 2011, Ruckus filed a motion to dismiss the Florida Action.  Fla. Action, ECF No. 23.  In that motion, Ruckus contends that because the '515 Patent was expired at the time Harris filed its complaint in the Florida Action, Harris lacked Article III standing.  *See* Fla. Action, ECF No. 23, at 2-6.  On the same day, Ruckus filed an amended complaint in this Court, adding claims for a declaratory judgment of noninfringement and invalidity of the '684 Patent.  *See* ECF No. 8, at 6-7.

On July 15, 2011, Judge Mary Scriven of the Middle District of Florida issued a Case Management Order that set pre-trial deadlines and a trial date of December 3, 2012.  *See* Fla. Action, ECF No. 28.  On July 18, 2011, Harris filed an opposition to Ruckus's motion to dismiss in the Florida action.  Fla. Action, ECF No. 29.  Ruckus does not appear to have filed a reply to Harris's opposition to Ruckus's motion to dismiss in the Florida Action, and the Middle District of Florida does not appear to have held a hearing on Ruckus's motion to dismiss.  On December 20, 2011, the Florida Action was reassigned to Judge Charlene Honeywell, also in the Middle District of Florida.  Fla. Action, ECF No. 42.  Apart from discovery motions practice, *see* Fla. Action, ECF Nos. 33, 36, 40 and 41, activity in the Middle District of Florida is in its preliminary pleading stages, as Ruckus has not yet filed an answer to Harris's complaint in the Florida Action.

**II. Discussion**

Harris argues that this Court should exercise its discretion under the "first to file rule" to dismiss or transfer this Action to the Middle District of Florida because: (1) the general rule in patent cases favors jurisdiction in the forum of the first-filed action; (2) Ruckus's claims in this Action are compulsory counterclaims to Harris's claims in the first-filed Florida Action, and (3) judicial economy and convenience factors weigh in favor of dismissal or transfer.  Mot. 10-11.

---

[1] Ruckus did not serve its complaint on Harris in this Action until October 10, 2011.

2
Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

1   Alternatively, Harris argues that the Court should exercise its discretion under the Declaratory

2   Judgment Act to dismiss or transfer this case to the Middle District of Florida because doing so

3   would promote judicial efficiency, convenience, and fairness.  Mot. 3-4.  Finally, Harris argues that

4   Ruckus's first count in this Action, for a declaration of unenforceability as to the '515 Patent,

5   should be dismissed for failure to state a claim for which relief can be granted.  Mot. 11-12.

6   For the reasons explained below, the Court exercises its discretion under the first to file rule

7   and dismisses this Action, without prejudice.  Ruckus shall refile its declaratory judgment claims in

8   the Middle District of Florida.  Accordingly, the Court need not and does not address Harris's other

9   arguments.

### A. First to File Rule

The first to file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  This rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims.  Accordingly, it "should not be disregarded lightly."  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  At the same time, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter*, 678 F.2d at 95.  Thus, the Ninth Circuit has recognized exceptions to the first to file rule under various circumstances, such as bad faith, anticipatory suit, and forum shopping.  *Alltrade*, 946 F.2d at 628.  A court may also decline to apply the first to file rule when the balance of convenience weighs in favor of the later-filed action.  *See id.* at 628.  The Federal Circuit has made clear that the first to file rule applies to patent cases and thus likewise requires deference to the first-filed action "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

Here, Ruckus does not dispute that the Florida Action was filed before this Action.  The Florida Action was filed on April 15, 2011.  This Action was filed on April 21, 2011.  Ruckus also

3

Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

does not dispute that the identity of the parties is identical in both actions. Finally, the issues involved are "closely related patent infringement questions." 14D Charles Alan Wright, Arthur R. Miller, Mary Kane, & Richard L. Marcus, Fed. Prac. & Proc. § 3823 (3d ed. 2011). Indeed, Harris's complaint in the Florida Action alleges Ruckus's infringement of the '515 and '684 Patents, which are the same two patents that are the basis for Ruckus's declaratory judgment claims of invalidity, unenforceability, and noninfringement in this Action. Accordingly, jurisdiction in the Middle District of Florida, the forum of the first-filed action, is preferred, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Elecs. for Imaging*, 394 F.3d at 1347.

### B. Compulsory Counterclaims

Harris argues that dismissing or transferring under the first to file rule would promote judicial economy and fairness, especially because Ruckus's claims in this Action are compulsory counterclaims to Harris's claims in the first-filed Florida Action. The Court agrees.

Federal Rule of Civil Procedure 13(a) requires a pleading to "state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Rule 13(a) "was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

A court may dismiss a claim under Rule 12(b)(6) if the claim is barred by Federal Rule of Civil Procedure 13. *See SDMS, Inc. v. Rocky Mountain Chocolate Factory, Inc.*, No. 08 CV 0833 JM (AJB), 2008 WL 4838557, at *2 (S.D. Cal. Nov. 6, 2008) (citing *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974)); *see also Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, Civil No. 08-832-GPM, 2009 WL 2431993, at *5 (S.D. Ill. July 31, 2009). Once a Court determines "that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the

4

Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

prior action." 6 Wright & Miller, *supra*, § 1418; *see also Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010); *Genentech v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

Ruckus does not dispute, and other district courts routinely hold that declaratory judgment claims for invalidity, unenforceability, and noninfringement are compulsory counterclaims to claims of infringement of the same patent. *See, e.g.*, *Oplink Commc'ns, Inc. v. Finisar Corp.*, No. 11-CV-2361-EMC, 2011 WL 3607121, at *2 (N.D. Cal. 2011); *Avante Int'l*, 2009 WL 2431993, at *5; *cf. Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed. Cir. 1999) (infringement claim is a compulsory counterclaim to a declaratory judgment claim of non-infringement of the same patent). Thus, Ruckus's declaratory judgment claims of unenforceability of the '515 Patent and noninfringement and invalidity of the '684 Patent in this Action are compulsory counterclaims to Harris's first-filed claims of infringement of the same '515 and '684 Patents in the Florida Action.

Accordingly, under the first to file rule and Federal Rule of Civil Procedure 13(a), the Court has discretion to dismiss, transfer, or stay this Action.

**C. Equitable Considerations**

Ruckus argues that equitable considerations militate against applying the first to file rule here. Opp'n 5. Ruckus contends that Harris knowingly asserted an expired patent in bad faith in the first-filed Florida Action. *Id.* Ruckus also contends that Harris filed the Florida Action to forum shop for the "home court advantage." *Id.* n.4.

The Court is not persuaded that Harris filed its suit in bad faith. Here, Ruckus argues that because Harris knew the '515 Patent was expired when it filed suit, the "Florida action was, at best, filed with inadequate Rule 11 diligence or, in the alternative, filed in bad faith." Opp'n 5 (citing *Golan v. Pingel Enters., Inc.*, 310 F.3d 1360, 1372 (Fed. Cir. 2002)). As *Golan* states, a finding of bad faith requires clear and convincing evidence that the patentee acted in bad faith. *Id.* at 1371. On this record, the Court does not find that Ruckus has met this burden, and whether Harris filed its Florida lawsuit with proper Rule 11 diligence is a question more appropriately answered by the

5
Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

Middle District of Florida. Accordingly, notwithstanding the fact that Ruckus has raised questions concerning Harris's conduct, the Court declines to dispense with the first to file rule because of Ruckus's allegations of bad faith. *See Alltrade*, 946 F.2d at 628 (affirming district court's decision to apply first to file rule in spite of Alltrade's allegations that Uniweld brought its suit in bad faith by, among other things, "hastily [bringing] portions of the confidential business documents into the public record [in the first-filed action] in violation of [a] protective order . . . in the hope of fortifying Uniweld's first-to-file claim."). Put differently, the Court finds that the alleged bad faith here is not a "consideration[] of judicial and litigant economy, and the just and effective disposition of disputes" that would require the Court to dispense with the general rule favoring the forum of the first-filed case. *Elecs. for Imaging*, 394 F.3d at 1347.

The Court is also not convinced that Harris filed the Florida Action in anticipation of suit to obtain a "home court advantage." Opp'n 5 n.4. As an initial matter, the patent holder has the prerogative to choose its own forum. *Pacesetter*, 678 F.2d at 97 (acknowledging a district court's "proper recogn[ition] of [a patentee's] interest in choosing a forum."). Although the parties correctly agree that the forum convenience factors are more properly addressed by the Middle District of Florida, Mot. 4, 10; Opp'n 6 n.5, the Court merely notes that Harris asserts legitimate reasons for bringing suit in the Middle District of Florida. Harris's principal place of business is in Melbourne, Florida, Am. Compl., Fla. Action, ECF No. 13 ¶ 1. Moreover, Harris asserts that the technology at issue was conceived, developed and patented from Harris's facilities in Florida; the documents relating to the conception and development of the patented technology are located in the Middle District of Florida; the inventors of the '515 Patent all reside in the Middle District of Florida; and the inventors and the prosecuting attorneys all reside in the Middle District of Florida. *See* Mot. 11. The Court finds that Ruckus's allegation of improper forum shopping is not a "consideration[] of judicial and litigant economy, and the just and effective disposition of disputes" that would require the Court to dispense with the general rule favoring the forum of the first-filed case. *Elecs. for Imaging*, 394 F.3d at 1347.

6

Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

1   Thus, the Court declines to dispense with the first to file rule because of equitable
2   considerations. Accordingly, the Court must determine, in its discretion, whether to dismiss,
3   transfer, or stay this Action.

### D. Dismiss, Transfer, or Stay

Ruckus argues that dismissing rather than staying this action would be an abuse of discretion because there is a pending motion to dismiss in the Florida Action. Opp'n 6 (citing *Alltrade*, 946 F.2d 622). Ruckus repeats the Article III standing arguments from its pending motion to dismiss in the Florida Action and asserts that the Middle District of Florida's jurisdiction is questionable. Ruckus argues that the likelihood of dismissal in the Florida Action weighs against dismissing this Action. *See* Opp'n 6-7. The Court disagrees.

Without commenting on how the Middle District of Florida should rule on Ruckus's pending motion to dismiss, the Court notes that *Alltrade v. Uniweld* is inapposite. *Alltrade* involved an appeal from the Trademark Trial and Appeal Board ("Board") and the right of "a party dissatisfied with the decision" of the Board to appeal the Board's decision under 15 U.S.C. § 1071(b)(1). 946 F.2d at 624. Uniweld, the trademark holder and prevailing party before the Board, filed suit in the Southern District of Florida first, asserting, among other things, trademark infringement and appealing the portions of the Board's decision with which Uniweld disagreed. *Id.* The next day, Alltrade filed suit in the Central District of California also seeking review of the Board's decision and a declaration of noninfringement of the same trademark asserted in the first-filed action. *Id.* The Central District of California dismissed Alltrade's later-filed action under the first to file rule even though there was a pending motion to dismiss in the first-filed action. *Id.*

The Ninth Circuit affirmed application of the first to file rule, but held that the Central District of California abused its discretion in dismissing, rather than staying the proceeding. *Id.* at 629. The Ninth Circuit found that the jurisdiction of the first-filed court was questionable because, under 15 U.S.C. § 1071(b)(1), Alltrade, as the losing party before the Board, may have had the exclusive right to appeal the Board's ruling. *Id.* at 626-29. The Ninth Circuit also noted that, once the Central District of California dismissed Alltrade's action, if the Southern District of Florida

7
Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

were to subsequently dismiss Uniweld's action, "Alltrade would have to file a new suit in California and would risk encountering statute of limitations problems." *Id.* at 629. The Court noted that the statute of limitations for appealing the Board's decision was only 60 days. *Id.* Thus, in holding that the Central District of California should have stayed, rather than dismissed, the Ninth Circuit relied on both the fact that: (1) the "the first-filed action present[ed] a likelihood of dismissal"; and (2) the Central District of California's dismissal presented a risk that Alltrade's statutory right to appeal the Board's decision would be extinguished by the short statute of limitations.

Here, by contrast, Ruckus has raised no statute of limitations issues that warrant deviating from the general first to file rule favoring the forum of the first-filed suit in patent cases. *Elecs. for Imaging*, 394 F.3d at 1347. Indeed, unlike the short statute of limitations in *Alltrade*, patent claims and counterclaims have a six-year statute of limitations, 35 U.S.C § 286; *see also Sierra Applied Scis., Inc. v. Adv. Energy Indus., Inc.*, 363 F.3d 1361, 1376 (Fed. Cir. 2004) (6-year statute of limitations applies to declarations of non-liability), and the Florida Action is scheduled to go to trial by December 2012. Accordingly, *Alltrade* does not control in this situation.

The Court agrees with Harris that dismissing here would promote judicial economy and fairness. Two cases, *Pacesetter Sys.*, 678 F.2d 93, and *Avante Int'l Tech.*, 2009 WL 2431993, are instructive and counsel in favor of dismissal.

In *Pacesetter*, as here, a patentee filed an infringement suit asserting three patents in a federal district court in Florida. The alleged infringer later filed a declaratory judgment action in a federal district court in California, seeking a declaration that the patents asserted in the Florida case were invalid, not infringed, and unenforceable. The California court dismissed under the first to file rule. In affirming, the Ninth Circuit reasoned that: (1) neither the first- nor second-filed action had proceeded past the pleading stage; (2) no apparent bar existed to a second-filing party's presentation of its claims and defenses in the first-filed action; and (3) the first-filed forum was capable of efficiently resolving all issues. *Pacesetter*, 678 F.2d. at 96. So too here, neither the California Action nor the Florida Action has proceeded past the preliminary pleading stage. In

8
Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

addition, the Court is not aware of and Ruckus has not suggested that there are any bars to Ruckus's bringing its compulsory counterclaims in the Florida Action. Indeed, Ruckus has not yet filed an answer in the Florida Action. Finally, the Middle District of Florida is capable of efficiently resolving all issues, given that it is already tasked with familiarizing itself with and construing the terms of the patents-in-suit. Thus, as in *Pacesetter*, the goals of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" would be served by declining jurisdiction in deference to the Middle District of Florida. *Id.* at 95 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

Similarly, in *Avante*, the Southern District of Illinois dismissed an action seeking a declaration of invalidity, unenforceability, and non-infringement as to the same patent that was already being asserted in a first-filed infringement suit between the same parties in the Eastern District of Texas. 2009 WL 2431993, at *1. As here, there was a pending motion to dismiss in the first-filed forum, the Eastern District of Texas, for lack of jurisdiction. *Id.* at *5 n.3. Nonetheless, the Southern District of Illinois dismissed the later-filed declaratory judgment action, concluding that "[i]n this instance the considerations of judicial economy that underlie the compulsory counterclaim rule . . . are best served by dismissal . . . with leave to refile the claim as a compulsory counterclaim in the" pending Eastern District of Texas litigation. *Id.* at *5.

Thus, both *Pacesetter* and *Avante* militate in favor of dismissing this Action. Moreover, as discussed above, the Court does not find that "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Elecs. for Imaging*, 394 F.3d at 1347. Accordingly, the Court exercises its discretion under the first to file rule and Federal Rule of Civil Procedure 13, and DISMISSES this Action without prejudice. Ruckus shall refile its declaratory judgment claims in the Middle District of Florida.

9

Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Harris's motion and DISMISSES Ruckus's amended complaint without prejudice. Ruckus shall refile its declaratory judgment claims as compulsory counterclaims in the Middle District of Florida. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 22, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

10
Case No.: 11-cv-01944-LHK
ORDER GRANTING DEFENDANT HARRIS CORPORATION'S MOTION TO DISMISS WITHOUT PREJUDICE